United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50255
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO MEABE-MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-523-ALL-AML
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Humberto Meabe-Morales challenges his sentence imposed following his guilty plea to being unlawfully present in the United States following deportation, a violation of 8 U.S.C. § 1326.

Meabe-Morales argues that, because the indictment did not allege that he had a prior felony or aggravated felony conviction, it charged only an offense under 8 U.S.C. § 1326(a) for which the maximum penalty is two years of imprisonment. He

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that his 46-month sentence under 8 U.S.C. § 1326(b) violates his constitutional right to due process.  This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Meabe-Morales contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Meabe-Morales properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Meabe-Morales also argues that the district court erred by determining that he had a prior "drug trafficking offense" and thereby enhancing his base offense level by 16 levels.  Under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2004), the offense level for unlawfully entering or remaining in the United States is increased 16 levels if the defendant was deported or removed previously after being convicted of a felony drug trafficking offense that resulted in a sentence of 13 or more months of imprisonment.  For the purpose of this enhancement, a "drug trafficking offense" is defined as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or

a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, comment. (n.1(B)(iv)) (2004). Meabe-Morales's sentence was enhanced was based on his prior North Carolina conviction for the felony offense of "trafficking in marijuana" by transporting in excess of 10 pounds of marijuana, under N.C. GEN. STAT. § 90-95(h)(1) (2001). The state's label of the offense of transporting more than 10 pounds of marijuana as "trafficking" is not controlling. See Taylor v. United States, 495 U.S. 575, 592 (1990). This offense does not fall within § 2L1.2's definition of a drug trafficking offense. See Garza-Lopez, 410 F.3d at 273. Without that conviction, the 16-level enhancement is inapplicable. We accordingly VACATE Meabe-Morales's sentence and REMAND to the district court for re-sentencing.